JAMES LATHAN *vs.* JOHN BERRY.

*Error from Madison Circuit Court*—Before the Hon.
JOHN M. TAYLOR.

———◆———

In slander, the defendant, under plea of justification, will not be permitted to vary the issue tendered.

Where one has been guilty of uttering slanderous words of another, he will not be allowed in an action against him, to give evidence of his subsequent qualification of the words—thus creating evidence for his defence.

This was an action of slander.

The declaration charged the defendant in the court below, Lathan, with having accused the plaintiff, Berry, of swearing to a lie, in reference to a suit in which Berry had been a witness. The pleas were justification, and not guilty; and there was a verdict for the plaintiff on both issues. It appeared from the record and the bill of exceptions sealed in the cause, that some time previous to the commission of the wrong by Lathan, there was a suit existing between the said Lathan and the State of Alabama, for a failure of the former to return a recognizance which he had taken as a justice of the peace. In this suit Berry was a witness. The justification set up in the present action was, that Berry in the before mentioned suit, had sworn that the recognizance had been executed at the house of Lathan. Lathan's witnesses proved it to have been taken at the house of one Barbary Lathan, two and a half miles from the said Lathan's residence. During the trial of the present suit, the counsel for the defendant asked one of the witnesses, who had testified to the charge of perjury, whether the defendant Lathan had not, a few days after he had made the charge, and before this

Lathan
vs.
Berry.

action was instituted, qualified it by stating to the witness, that all he meant to impute to Berry was his evidence in relation to the place of executing the recognizance. On this question being objected to, the court determined it to be improper, and would not suffer the witness to answer it. The defendant excepted to this decision of the court, and now have assigned the same for error.

S. PARSONS, for Plaintiff in error,—

Assumed that the words here spoken as qualified by Lathan, did not form the ground of an action *prima facie*—and cited 20 *John.* 349.

The injury in actions of slander arises from the danger of criminal prosecutions; and a mere injury to feelings or honor—no cause of action.

And the rule is, that if a party uses words in themselves actionable, but qualifies them, it is no slander. The qualification lessens the injury.

So in this case—witness might have proved the spirit with which the words were spoken, and thus divested them of injury. A voluntary *retraxit* by a party, shows he had no malice, which is the ground of the wrong, and the court should have permitted the defendant to show this in mitigation of damages.

PECK, *contra.*

In actions of slander, no matters can be given in evidence to mitigate damages, but

First—General bad character—6 *Mass. R.* 514—1 *Nott & McCord*, 268.

Second—Grounds of suspicion, to be shown from facts and circumstances—and these grounds of suspicion must not consist in vague conjecture, but in such circumstances as may influence a man of sound mind—3 *Conn. R.* 463—*Starkie on Slander*, 409.

Third—Matters which diminish the malicious intentions—3 *Conn. R.* 466.

None of these facts can be, however, given in proof, where the party relies on the plea of justification.

A *retraxit* cannot make amends for the injury to the plaintiff, when by plea of justification, defendant has spread upon the record the slander he has previously uttered.

The plea of justification itself contradicts the idea of the charge being made innocently ; and the rule is, that no man is permitted to make evidence for himself. The plea of general issue, combined with that of justification, will not aid the defendant. The pleas are repugnant. Under our statute they cannot be pleaded—1 *Pick.* 1.

PARSONS, in reply.

No state but Massachusetts, if I recollect right, has decided but that these two pleas may be used. The law permits this for purposes of justice, and our statute is conclusive, because it is intended to give a party as many pleas as his defence requires. The plea of justification, however, cannot preclude our defence, in as much as it does not aver the truth of the words spoken—only explains them.

A voluntary *retraxit* by a party, shows that he has not malice, which of itself is sufficient to admit the evidence of it to a jury.

Malice is the ingredient of this action ; and there is a difference between making evidence, and repairing an injury done.

By Mr. Justice SAFFOLD :

Berry, the defendant in error, having sued Lathan for slanderous words, obtained a judgment against him for five hundred dollars, in the Circuit Court of Madison county ; to revise which, Lathan prosecuted this writ of error. The pleas on which Lathan relied, were justification, and not guilty. The only matter excepted to, is the decision of the court, excluding from the jury evidence offered by Lathan, to prove that a few days after using the slanderous words, he explain-

ed to the person before whom the same were expressed, the nature of the charge he had intended to impute to Berry. The substance of the evidence was, that the plaintiff below, had proved by several witnesses, that the defendant, on or about the day mentioned in the declaration, speaking of a suit in which the false evidence was charged to have been given, (and which related to the failure of Lathan, as a justice of the peace, to return a recognizance,) said, the plaintiff had sworn to a lie against him, in saying that the recognizance was taken at the house of James Lathan, when in fact it was taken at the house of Barbary Lathan, two and a half miles from James Lathan's residence. The plaintiff also proved by another witness, Ball, that the defendant told him, that plaintiff Berry had sworn to a lie on the same trial, against him, without specifying the circumstances.

Lathan's counsel then proposed to interrogate Ball to the fact, whether or not, a few days afterwards, and before the institution of the suit, Lathan had explained the charge, and informed him in what the lie consisted, as before charged. This evidence being objected to, was excluded by the court. The exclusion of this testimony is the cause here assigned for error. Some of the principles embraced by the argument, are conceived not to be necessarily involved in the question presented for the consideration of the court. Whether in an action of slander, where the defendant pursuant to the statute, pleads justification, and also the general issue— any facts are admitted of record, so as to vary the proofs that would otherwise be necessary or admissible on either side, (even if it is to be viewed as *res integra*, in this court,) is considered immaterial in the determination of this cause. It was the defendant below who moved the introduction of this testimony, which consisted of his own declarations or assertions, made on a day subsequent to the utterance of those for which he was charged to answer, and of course in a different conversation. If it could be conceded that this plea of justi-

15

Lathan
vs.
Berry.

aStark. on Sl. 339.

b1 Nott & M'-Cord, 268.

c3 Con. Rep. 463.

fication, in conjunction with that of not guilty, superseded the necessity of proof on the part of the plaintiff, of the truth of the allegations, according to the Massachusetts decisions; or if the contrary principle, of more general prevalence, be reecognized, yet the rule is uniform that an offending party can not, after the commission of the offence, purge it by his own declarations, and thus manufacture evidence for himself. Nor can a defendant, who has pleaded in justification, and therein varied the state of the facts from those alleged (as is here suggested to be the case) be allowed any greater privilege in this respect. In this case, however, the words attempted to be justified, are substantially the same with those charged, as they must necessarily have been. A defendant is not permitted by such plea to vary the issue— he must confess the words as laid.a One against whom slander has at any time been uttered, has a right to sue for the same, and to found his action on the most offensive words. For these alone, with such qualification, explanation, &c. as then accompany them, within the hearing of the same persons, the defendant is responsible. Any thing said by him at a different time or place, either of denial, mitigation, or aggravation, is not evidence for any purpose, except so far as the plaintiff may choose to use it as such. The right contended for on the part of the plaintiff in error, to mitigate the damages, by introducing evidence of his subsequent explanatory conversation, is believed to derive no sanction from any authority referred to in argument. The case of *Buford* and *McLung*,b cited in opposition to the right, recognises the principle of many other cases—that facts and circumstances, showing a ground of suspicion, though not amounting to actual proof of guilt, may be available in mitigation of damages. The evidence in question related to the bad character of the plaintiff. The decision in *Baily* vs. *Hyde*,c maintains the same principle. But it is argued that this case may be assimilated to an action of trespass for taking and carrying away the plaintiff's goods, and that there the defendant would be per-

mitted to prove a subsequent return of the article in mitigation. If the principle be admitted, the analogy between the cases is conceived to be very slight. In the one case, the injury is to property, and consists not only in the taking and carrying away, but also in depriving the owner of the use and value of it, if not returned. If returned in a short time, in the same or nearly the same condition, the injury is rather nominal than real, and the damages are obviously mitigated, so as to admit of a satisfactory computation of the amount. Not so with respect to this subsequent and explanatory conversation. The defendant below may have uttered the slanderous words in the hearing of many, yet proof of it by one, or a few, would be sufficient to sustain the plaintiff's action. If one of these same witnesses who heard the imputation, afterwards received an explanation, mitigating the nature of the charge, it does not follow that all of them have; or that the same witness would communicate the explanation to all to whom he or others may have disclosed the matter. To render the case supposed, parrallel to this, it would appear necessary to maintain the right of a defendant in trespass, to introduce evidence of his own declarations subsequently made, to establish the authority for, or motive of his action, and thereby show that the plaintiff's injury was less than it would otherwise appear to be.

We are of opinion that the judgment must be affirmed.